Devine v. Chicago & Erie R. Co. et al., 199 Ill. App. 373.

John F. Devine, Administrator, Appellee, v. Chicago & Erie Railroad Company and Chicago & Western Indiana Railroad Company, Appellants.

Gen. No. 21,802.     (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 1, 1916. Rehearing denied May 15, 1916.

## Statement of the Case.

Action by John F. Devine, administrator of the estate of Nathan Collins, deceased, plaintiff, against the Chicago & Erie Railroad Company and Chicago & Western Indiana Railroad Company, defendants, to recover for the death of plaintiff's intestate. From a judgment for $2,000 recovered by plaintiff, defendants appeal.

It appeared that deceased was a switchman in the employ of the Belt Railway Company of Chicago and at the time he met his death was a member of a train crew engaged in the operation of a train of two cars and an engine on the tracks of the Chicago & Western Indiana Railroad Company. There were on the right of way six tracks numbered from the east 1 to 6, and west of track 6 two switch or lead tracks. Collins' train was to be shoved north towards 37th street on track 6. A Chicago & Erie train came north on track 3, passed over a diagonal track between 38th and 39th streets to track 4, and there stopped until it got a signal to go to track 5. It passed over track 5 to the crossing from 5 to 6 near 38th street, the engine in front. The deceased got off from his train on the east side thereof about fifty feet north of 38th street, probably to step across track 6 and throw a switch. Kibling, his conductor, got off the train on the west side

and threw the switch. Collins when last seen by Kibling was standing on the east side of his train, which, as has been said, was on track 6. The Chicago & Erie train, which had stopped at the crossing of the diagonal switch track and track 4, came north on track 5 and struck and killed Collins at a point about fifty feet north of 38th street.

The tracks were elevated and there were several gangs of workmen engaged in completing the work in the immediate vicinity of the place where Collins was struck, and a sand train was working on the west lead track. Collins, standing between tracks 5 and 6, gave the signal to his train to go ahead. The Chicago & Erie train was moving on a diagonal track and Collins could not tell from the direction of the train which track it was intended to go on.

W. O. JOHNSON and BULL & JOHNSON, for appellants.

JOHN A. BLOOMINGSTON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 587*—*when question whether signal of approach of train given one of fact.* In an action against a railroad company to recover for the death of the employee of another railroad company through being struck by a train, *held* that, under the evidence, the question whether or not a signal was given of the approach of the train was for the jury.

2. RAILROADS, § 589*—*when question of contributory negligence for jury.* In an action to recover for the death of one struck by a train, question of decedent's negligence *held* for the jury under the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.